Opinion filed May 22, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 22, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00341-CR 

                                                      _________

 

                                   ANTONIO
ASCENCIO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court 

 

                                                        Dawson
County, Texas

 

                                                  Trial
Court Cause No. 02-5942

 



 

                                             M
E M O R A N D U M  O P I N I O N

The
jury convicted Antonio Ascencio of assault on a public servant.  Ascencio=s conviction was enhanced
for punishment purposes to a second degree felony, and he was sentenced to
twenty years in prison by the trial court.  We affirm.

I.
Background Facts








Wanda
Elaine Biggers worked for Medical Arts Hospital as an LVN.  She was assigned to
the Preston E. Smith High-Security Unit of the Texas Department of
Justice-Institutional Division as a contract employee of the Texas Department
of Criminal Justice.  Nurse Biggers was provided with an employee badge and
wore it and medical scrubs to work each day.

On
February 1, 2001, she and Corrections Officer Ricky Strickland dispensed
medications to inmates.  When they reached Ascencio=s cell, Officer Strickland opened the bean
slot.  This is a slot cut into the cell door through which food trays are
dispensed.  Ascencio shared a cell with Henry Reed.  Nurse Biggers placed
Ascencio=s medication
on the door and was grabbed from within the cell.  A blanket had been thrown
over the light in the cell, and it was dark inside.  Nurse Biggers could not
identify the arm that reached through the bean slot, but Officer Strickland
identified Reed as the assailant.  According to Officer Strickland, Ascencio
was standing at the door beside Reed. Nurse Biggers struggled to free herself. 
While she struggled, an arm belonging to a different man came through and
grabbed her breast.  Officer Strickland attempted to free Nurse Biggers using
his bean-slot tool.  Ascencio fought him.  One of the inmates said, AIf you want us to let go,
then get rank.@ 
Officer Strickland left to make a call.  When he returned and told the inmates
that rank was coming, they released Nurse Biggers.

Nurse
Biggers suffered a sprained shoulder, bruises, and swelling.  She was off work
for seven weeks and did not return to full-time work for an additional eight
weeks.  While she was off work, the prison=s
medical lab received an order to draw Ascencio=s
blood for analysis.  Corrections officers brought Ascencio to the lab, and
Nurse Director James Edward Horton prepared to take the sample.[1] 
Ascencio complained that his handcuffs were hurting his hands.  Director Horton
responded, AWell, you
sure weren=t worried
about Ms. Biggers=[s]
wrist, were you?@ 
Ascencio replied, AI
should have broken her f-----g arm.@


II.
Issues on Appeal

Ascencio
challenges his conviction with three issues.  Ascencio contends that the
evidence was legally and factually insufficient to establish that Nurse Biggers
was a public servant, that the trial court abused its discretion by admitting
testimony under Tex. R. Evid.
803(24), and that the evidence is legally and factually insufficient to support
his conviction.








                                                                    III. 
Analysis

A. 
Sufficiency of the Evidence that Nurse Biggers was a Public Servant.

Ascencio
argues first that the evidence is legally and factually insufficient to
establish that Nurse Biggers was a public servant.  To sustain a conviction for
assault on a public servant, the State must prove: (1) a person (2)
intentionally, knowingly, or recklessly (3) caused bodily injury to a public
servant (4) who was known by the actor to be a public servant (5) while the
public servant was lawfully discharging an official duty.  Tex. Penal Code Ann. ' 22.01(a), (b)(1) (Vernon
Supp. 2007).  The term Apublic
servant@ is defined as
Aa person elected,
selected, appointed, employed, or otherwise designated as . . . an officer,
employee, or agent of government.@ 
Tex. Penal Code Ann. ' 1.07(41)(A) (Vernon Supp.
2007).

1.  Standard of Review.

To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).
The factfinder may choose to believe or disbelieve all or any part of any
witness=s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  Id. at 414-15.

2.  The Evidence. 








Health
care personnel assigned to a prison can be public servants.  See Buster v.
State, 144 S.W.3d 71, 78-79 (Tex. App.CTyler
2004, no pet.).  In Buster, the victim was employed by the University of
Texas Medical Branch and was assigned to the Texas Department of Criminal
Justice, Institutional Division, in the psychology department of the Eastham
Unit. Id. at 74.  The Tyler Court rejected similar factual and legal
sufficiency challenges based upon evidence that the victim was interviewing the
defendant in the psychiatric unit.  Id. at 80-81.  

The
evidence in this case was much stronger.  Tex.
Penal Code Ann. '
22.01(d) (Vernon Supp. 2007) creates a presumption that the accused knew the
victim was a public servant if the victim was wearing a distinctive uniform or
badge indicating the victim=s
employment as a public servant. Nurse Biggers wore a badge and medical scrubs
to work each day.  Nurse Biggers was distributing medication, had done the same
thing at Ascencio=s
cell many times before, and was accompanied by a correctional officer. 
Moreover, she testified that she was a contract employee for TDCJ.  The
evidence is both legally and factually sufficient to establish that Nurse
Biggers was a public servant.  Issue one is overruled.

B.
Testimony Admitted under Rule 803(24).

Ascencio
next complains that the trial court erred by admitting Ascencio=s statement to Director
Horton that he should have broken Nurse Biggers=s
arm because there was insufficient corroborating circumstances indicating the
trustworthiness of the statement.  This issue was not preserved for review. 
The trial court conducted a hearing outside the presence of the jury to
consider the admissibility of this statement.  At the end of that hearing,
Ascencio objected, contending that Director Horton=s testimony was inadmissible hearsay. 
Ascencio made a reference to the lack of voluntariness but did not complain
about the lack of corroboration.  Issue two, therefore, has been waived.

Even
if this issue has been preserved, Ascencio has not shown error by the trial
court.  A trial court=s
decision to admit or exclude evidence is reviewed under an abuse of discretion
standard.  Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
An appellate court will not reverse a trial court=s
ruling unless that ruling falls outside the zone of reasonable disagreement.  Id. 









The
statement against interest hearsay exception applies to a statement that at the
time of its making so far tended to subject the declarant to criminal liability
that a reasonable person in the declarant=s
position would not make it unless believing it to be true.  Rule 803(24).  In
criminal cases, the statement must be corroborated by circumstances clearly
indicating its trustworthiness.  Id.  Factors that a trial court may
consider when considering the admissibility of a statement under this rule are
the timing of the declaration, the spontaneity of the declaration, the
relationship between the declarant and the party to whom the statement was
made, and the existence of independent corroborative facts.  Woods v. State,
152 S.W.3d 105, 113 (Tex. Crim. App. 2004).

The
record shows that Ascencio made his statement to a prison official in the
presence of correctional officers, that he made the statement in direct
response to an accusatory question by a prison official, and that Ascencio=s involvement in the
incident was confirmed by Officer Strickland. This is sufficient corroboration
to preclude a finding of abuse of discretion.  The trial court did not err by
admitting Ascencio=s
statement, and issue two is overruled.

C. 
Sufficiency of the Evidence to Support Ascencio=s Conviction.

Ascencio
argues that the evidence is legally and factually insufficient to support his
conviction and points to Nurse Biggers=s
testimony that she did not know who grabbed her.  Ascencio also contends that
Officer Strickland was unable to directly implicate him in any criminal
conduct.  Ascencio posits that the only evidence against him is his presence at
the scene, and he argues that this alone is insufficient.

The
State concedes that Ascencio=s
conviction requires application of the law of parties doctrine.  A party is
criminally responsible as a party to an offense not only for their own actions
but also for the conduct of another for which they are criminally responsible. 
Tex. Penal Code Ann. ' 7.01(a) (Vernon 2003). 
Evidence is sufficient to support a conviction under the law of parties when
the actor is physically present at the commission of the offense and encourages
the commission of the offense either by words or other agreement.  Burdine
v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986).  In reviewing the
sufficiency of the evidence, we look at events occurring before, during, and
after the commission of the offense and rely on actions of the defendant which
show an understanding and common design to do the prohibited act.  Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).








The
record establishes Ascencio=s
complicity both before, during, and after the incident.  Prior to Nurse Biggers
and Officer Strickland=s
arrival at Ascencio=s
cell, the light was covered with a blanket so that people could not see inside
the cell.  Nurse Biggers could not identify the hand that grabbed her but did
testify that the arm that grabbed her breast belonged to a different man. 
Officer Strickland testified that Ascencio was at the cell door next to Reed
and that Ascencio fought with him when he tried to free Nurse Biggers.  After
the incident, Ascencio made an incriminating remark to a prison official.

Ascencio
correctly points out that he was in a five by ten foot cell; therefore, his
proximity to the scene must be viewed in context.  The jury knew that proper
procedure required the cell light to be on and the inmates to be in their
bunks.  The cell light was covered, and Ascencio and Reed were at the cell
door.  On direct examination, Officer Strickland testified that one inmate held
Nurse Biggers and the other fought with him as he tried to free her.  On
cross-examination, he was less certain.

Q. 
But how can you be certain that it=s
Ascencio and not just Reed using his other B
his free hand?

 

A. 
It was B that=s all I can say.  All I can
say is Offender Ascencio was at the door, and somebody was pushing the bean bar
to the side.

 

Q. 
Okay.  Somebody was pushing the bean tool bar to the side?

 

A. 
Yes.

 

Q. 
Ascencio was at the door, but somebody, which sounds to me you=re not sure, because
somebody could have been either Ascencio or Reed, correct?

 

A. 
Yes, sir.

 

Q. 
So you=re not certain
that Ascencio was actually the person that did it.  Just somebody inside the
cell swatted at the bean tool bar, correct?

 

A. 
Yes, sir.

 

The State then
asked Officer Strickland why he thought Ascencio was pushing the bean tool
away, and Officer Strickland responded:

I just believe that it was him.  I mean, I can=t swear right now that B I just believe it was him,
because Reed, I believe, had his B
he was having enough trouble with Ms. Biggers, because she was trying to fight
too much to get loose.  And it was being pushed to the left, you know, pushed
to the side.

When asked why
he believed Ascencio participated in the assault, Officer Strickland responded:

A. 
He was at the front of the door with the other offender.

 

Q. 
As opposed to what?








A.  If he wasn=t going to be part of the
assault, he could have said something earlier.  He could have warned me or, you
know, could have done a lot of things to prevent it, too.

 

When
all the evidence is viewed in the light most favorable to the verdict, a
rational juror could have found that Ascencio was guilty of assault beyond a
reasonable doubt.  There was evidence of prior planning, participation by both
inmates, and a post-incident incriminating remark.  When the evidence is viewed
in a neutral light, it is factually sufficient.  Officer Strickland equivocated
on cross-examination when asked about Ascencio pushing away the bean-slot tool,
but this does not make the State=s
evidence so weak that the verdict is clearly wrong and manifestly unjust.  The
comparison of Officer Strickland=s
testimony on direct and cross involves a credibility determination.  We must
defer to the jury=s
decision on the weight to be given his testimony.  Jackson, 443 U.S. at
318-19.

Even
if we totally discount Officer Strickland=s
testimony that Ascencio fought with him, each fact need not point directly and
independently to Ascencio=s
guilt as long as the cumulative force of all the incriminating circumstances is
sufficient to support his conviction. Hooper, 214 S.W.3d at 13.  A
blanket was being used to cover the cell light, and both inmates were at the
door rather than their bunks.  Nurse Biggers implicated both inmates in her
assault, and Ascencio made an incriminating remark after the incident.  This is
factually sufficient evidence.  Issue three is overruled.

IV. 
Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

May 22, 2008

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists
of:   Wright, C.J.,

McCall, J.,
and Strange, J.









[1]Nurse Horton was Director of Nursing at the time of
trial and was the Assistant Director of Nursing at the time of the incident.